**SO ORDERED.**

**SIGNED this 9 day of June, 2017.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO: |
|---|---|
| ASSET TRADER | 16-02794-5-DMW |
| DEBTOR | CHAPTER 7 |

**ORDER ALLOWING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE**

THIS MATTER comes on to be heard upon the Trustee's Motion for Approval of Compromise with Patricia H. Andrews filed by James B. Angell ("Trustee"), Chapter 7 Trustee in the above-captioned case. The terms of the compromise are as follows:

The controversy or dispute sought to be compromised is:

On September 22, 2016, Patricia H. Andrews filed Proof of Claim No. 23-1. Proof of Claim No. 23-1 asserts an unsecured claim in the amount of $273,845.73 based on a charitable gift annuity (the "Annuity"). A copy of a Charitable Gift Annuity Agreement made between The CGA Exchange (the "Debtor") and Andrews dated April 8, 2014 (the "Agreement") is attached to the Motion as Exhibit "A-1".

In addition to the Annuity, the Agreement evidences an agreement between the Debtor and Andrews with respect to a Life Policy on the life of Andrews in the face amount of $2,000,000 (the "Life Policy"). Under the terms of the Agreement, 100% ownership of the life insurance policy was transferred to Asset Trader (then known as "The CGA Exchange"), which was to be a 50% beneficiary together with Andrews's named beneficiaries. The Debtor was to pay all premiums of the Life Policy and be responsible to keep the Life Policy in good standing.

Although premiums on the Life Policy have not been paid currently, the premiums are not presently due. As the result of a transfer of the policy to a new insurance company, the premiums

were suspended until the transfer is complete on the insurance company's books. Once the transfer is complete, an invoice will be presented to Asset Trader.

Andrews has had cancer but is currently in remission. She intends to leave her share of the proceeds of the Life Policy to her children.

The terms of the proposed compromise are as set forth on Exhibit A of the Motion and generally described as:

a) Subject to the following provisions, the estate's interest in the Life Policy upon Andrews's death shall be one-half the policy proceeds. The remaining one-half interest of the policy proceeds shall be payable to Andrews's designated beneficiaries. The Trustee shall designate beneficiaries to the insurance company in accordance with this agreement.

b) Nothing herein shall require the Trustee to make any payment of any premiums due under the Life Policy.

c) The Trustee shall make efforts to sell the Life Policy and shall employ a party agreeable to Andrews to represent the estate in such sale. The estate shall have the sole power and authority to sell the Life Policy, subject to a reservation of rights by Andrews to object to any sale proposed by the Trustee. Any sale shall be made free and clear of any interests of Andrews or her designated beneficiaries in the Life Policy and the court shall enter appropriate orders to this effect upon request by the Trustee.

d) The Trustee shall move for approval of any sale of the Life Policy and shall provide notice of such motion to Andrews. Upon a sale of the policy, the proceeds of the Life Policy, net of costs of sale, including but not limited to any broker commissions, shall be paid in equal shares to the estate and to Andrews.

e) Andrews and the Trustee stipulate that the Agreement is not an executory contract as set out in 11 U.S.C. §365 and that nothing herein shall entitled Ms. Andrews to an administrative claim against the estate for failure to pay premiums on the Life Policy or otherwise.

f) Claim No. 23-1 shall be allowed as an unsecured claim in the amount of $324,787.13.

g) Except as provided herein, Claim No. 23-1 shall be disallowed.

h) Except as provided herein, Andrews hereby waives any claims she may have against the estate.

i) Each party shall bear the tax consequences of any amounts received due to its receipt of any death benefits or sales proceeds of the Life Policy.

After notice and an opportunity for hearing has been given to the proper parties, and after consideration of the evidence presented, the Court finds that it is in the best interest of the estate to allow and approve the Compromise on the terms set forth in Exhibit A of the Motion, based on the facts, the strengths and weaknesses of the parties' positions, the equities involved, the information and evidence available to the Trustee to pursue the claims through trial, and the costs of negotiation and litigation.

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the Trustee is authorized to compromise as set out in Exhibit A of the Motion and such Compromise is approved. To the extent that the effectiveness of the compromise is contingent on or subject to approval by this Court, this Court grants any necessary approvals necessary to fulfill such conditions or contingencies such that the Compromise is in full force and effect and is binding on the parties thereto.

END OF DOCUMENT