**SO ORDERED.**

**SIGNED this 6 day of February, 2018.**



_____
**David M. Warren
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                             CASE NO. 16-02794-5-DMW

ASSET TRADER
                                                          CHAPTER 7
            DEBTOR

ORDER DENYING MOTION FOR CONFIRMATION OF SALE
AND APPLICATION TO PAY BROKER'S COMMISSION

The matter before the court is the Trustee's Motion for Confirmation of Sale and Application to Pay Broker's Commission ("Motion") filed by James B. Angell, Esq. ("Trustee"), Chapter 7 trustee for Asset Trader ("Debtor") on December 22, 2017.  The court conducted a hearing on February 6, 2018.  The Trustee appeared on his own behalf, and Brian C. Behr, Esq. appeared on behalf of the United States Bankruptcy Administrator.  Based upon the Motion and statements of the Trustee, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which the court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1).  The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. On May 26, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, and the court appointed the Trustee as interim Chapter 11 trustee pursuant to 11 U.S.C. § 1104. The case converted to one under Chapter 7 on September 14, 2016, and the court appointed the Trustee to administer the estate pursuant to 11 U.S.C. § 704.

3. Among the assets of the estate is a term life insurance policy ("Policy") with a face amount of $2,000,000.00 and insuring the life of Patricia Andrews. The Trustee has paid premiums on the policy in the amount of $45,000.00 from assets of the estate.

4. On May 25, 2017, the court entered an Order Appointing Broker which authorized the Trustee's employment of Insurance Brokerage Agencies ("Broker") to market and sell the Policy with compensation to be paid, subject to approval under 11 U.S.C. § 328(a), as follows: $30,000.00 for any amount of the purchase price up to and including $150,000.00 plus ten percent (10%) of any amount of the purchase price in excess of $150,000.00.

5. On June 9, 2017, the court entered an Order Allowing Trustee's Motion for Approval of Compromise which approved an agreement between the Trustee and Ms. Andrews to split equally the net proceeds of any sale of the Policy.

6. The Trustee has received an offer from Abacus Settlement, LLC to purchase the Policy for $305,000.00. Through the Motion, the Trustee seeks approval of this sale, including payment of $45,500.00 in commissions to the Broker. After payment of this commission plus deduction of the cost of the premiums, the Trustee anticipates netting approximately $107,250.00 for the estate.

7. The Motion describes minimally the marketing efforts undertaken by the Broker with respect to the Policy. The Broker was not present at the hearing to elaborate or to provide evidence or expert opinion regarding the fair market value of the Policy. With the information

before it currently, the court is unable to determine whether approval of the proposed sale of the Policy is in the best interest of the estate, and without additional information, the proposed sale should be denied; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. The Motion be, and hereby is, denied without prejudice;

2. The Broker's employment may continue marketing and negotiating a sale of the Policy until March 15, 2018, at which time the Broker's employment shall terminate; and

3. Notwithstanding any applicable provision contained within the employment contract between the Broker and the Trustee, the Broker shall not be entitled to compensation or commission from any contract for the sale of the Policy procured after March 15, 2018.

**END OF DOCUMENT**