UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO. |
|---|---|
| ASSET TRADER | 16-02794-5-DMW |
| DEBTOR | CHAPTER 7 |

## EMERGENCY MOTION TO RECONSIDER ORDER DENYING MOTION FOR CONFIRMATION OF SALE AND APPLICATION TO PAY BROKER'S COMMISSION

NOW COMES James B. Angell, Chapter 7 Trustee ("Trustee") in the above-captioned case, by and through counsel, and pursuant to Bankruptcy Rule 9024, moves this Court to reconsider its Order Denying Motion for Confirmation of Sale and Application to Pay Broker's Commission (DE 818). In support of this Motion, the Trustee shows the Court the following:

1. This matter relates to the Trustee's Motion for Confirmation of Sale and Application to Pay Broker's Commission which is a core proceeding pursuant to 28 U.S.C. §157, and the Court has jurisdiction pursuant to 28 U.S.C §151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered on August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2. On May 26, 2016, Asset Trader (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The court appointed the Trustee as interim Chapter 11 trustee.

3. On September 14, 2016, this case was converted to one under Chapter 7 and the court appointed the Trustee to administer the estate pursuant to 11 U.S.C. 704.

4. Among the assets of the estate is a term life insurance policy (the "Policy) with a face amount of $2,000,000.00 and insuring the life of Patricia Andrews. The Trustee has paid premiums on the policy in the amount of $45,000.00 from assets of the estate.

5. On December 22, 2017, the Trustee filed a Motion for Confirmation of Sale and Application to Pay Broker's Commission (the "Motion to Sell"), seeking authorization to sell the Policy to a third party for $305,000.00 and to pay commissions of $45,500.00 to the Broker. The allegations in the Motion to sell are incorporated herein by this reference.

6. On February 6, 2018, the Court conducted a hearing on the Motion to Sell. At the hearing, which was held on an expedited basis, the court expressed concern as to whether the proposed purchase price represented a fair value and whether the sale was in the best interest of the estate. The Broker was not available to testify about the fair market value of the Policy or his efforts to procure a buyer.

7. Due in part to a lack of evidence concerning the marketing efforts and market value of the Policy, on February 6, 2018, the court entered an Order denying the Motion to Sell without prejudice. The Order further provided that the Broker may continue marketing and negotiating a sale of the Policy until March 15, 2018, at which time his employment shall terminate.

## STANDARD

8. Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Federal Bankruptcy Rule 9024, allows for reconsideration and relief from a final Order. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

9. At the outset, a movant under Rule 60(b) must satisfy three threshold conditions as established by the United States Court of Appeals for the Fourth Circuit: (1) that the motion is timely; (2) that the movant has a meritorious defense to the action; and (3) that the opposing party would not be unfairly prejudiced by having the judgment set aside. After meeting these threshold conditions, the movant must satisfy one of the six grounds for relief enumerated in Rule 60(b). In re Price, 577 B.R. 643, 656 (Bankr. E.D.N.C. 2017) (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993)).

10. The Trustee's Motion to Reconsider is timely because it is being filed just two (2) days following the corresponding Order, and it will not unfairly prejudice any other party. Ms. Andrews, who stands to split the proceeds from any sale of the Policy, is supportive of the Motion to Reconsider.

11. The Trustee's Motion to Reconsider is meritorious because, as the Trustee intends to establish at the hearing, the proposed sale price reflects the Policy's fair market value and such sale is in the best interest of the estate. The Trustee intends to offer testimony from the Broker regarding his efforts in procuring a buyer for the Policy and his opinion regarding the fair market value of the Policy.

12. The Trustee is further informed that if the proposed sale is authorized to be consummated, the Broker has agreed to reduce his commission by $10,000.00, and the Buyer will accept liability for the next premium payment of $15,000.00.

13. If the court does not hear this matter on an expedited basis, the Trustee has reason to believe that the proposed buyer will withdraw its commitment to purchase the Policy. In that case, the Trustee anticipates the incurrence of significant premium payments to maintain the Policy while he attempts to locate another purchaser.

14. Reconsideration under Rule 60(b) may be granted for any of the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

15. The Trustee is entitled to relief under Rule 60(b)(1). Specifically, the Trustee, through his own inadvertence, or excusable neglect, was not prepared at the initial hearing to present evidence regarding the fair market value of the Policy. The Motion to Sell was not met with an objection and the matter was set for hearing by the Court without notice of the basis for the hearing. The Trustee did not want to incur the expense of having the broker attend the hearing to discuss the sales methods if the basis of the hearing were to be something other than the sales procedures and the adequacy of the offer.

16. The Trustee mistakenly believed that the Court would not require testimonial evidence regarding the fair market value of the Policy. The Trustee has since confirmed with the Broker, who is out-of-state, that he is willing and able to appear before the Court to provide testimony regarding his marketing efforts and the fair market value of the Policy.

17. In addition, the Trustee is entitled to relief under Rule 60(b)(6). Relief is justified because the evidence will show that the Policy was marketed in a commercially reasonable manner and the proposed sale price represents the fair market value for such policies. Robert Miano, who is the principal of the Broker is prepared to testify that:

   a. The Broker has been engaged in the life settlement business for approximately 11 years, and sells approximately one policy per month.

   b. The number of prospects for purchasing the Policy is limited to 29 "licensed providers" under the North Carolina Viatical Settlements Act, N. C. Gen. Stat. §58-58-200 *et seq*;

   c. Of the 29 licensed providers, 11 are no longer in the business of viatical settlements, 3 impose limitations on the size of the policies they will purchase (under $1,000,000 face value) and 1 provider lacks the capital to purchase policies;

   d. The Broker chose 11 of the licensed providers to contact based on their financial statements, the quality of their experience, and their business models. Eight of the providers declined to make an offer.

   e. The Broker obtained and compiled extensive medical records and other documents to provide information to prospective purchasers of the Policy.

   f. The Broker employed an actuary, Fasano Associates, Inc., for the purpose of preparing a "Mortality Profile Report" determining the life expectancy of the insured, to be used in negotiating the purchase price. The purchase price is generally determined by the terms of the policy and the life expectancy of the insured.

    g. The offer made by Abacus (the offeror) was based on a life expectancy that was favorable life expectancy determined by the Broker's actuary, Fasano Associates, Inc.

    h. There are various factors that enhance and undermine the value of the Policy.

    i. Although the Broker obtained 2 offers from other licensed providers, the offer made by Abacus was the highest offer.

    j. Abacus has escrowed the purchase price and is ready to close upon the Court approving the sale.

    k. The Broker is willing to further enhance the sale by reducing his commission from $45,500.00 to $35,500.00.

18. No party-in-interest has objected to the proposed sale, and the other party with an interest in the Policy, Ms. Andrews, supports the sale. The Trustee is concerned that if the sale is not authorized or delayed, the buyer will withdraw from the transaction and it will be difficult to locate another purchaser for the proposed sale price. The Trustee is further concerned that further delay will result in the estate incurring substantial premium costs.

WHEREFORE, the Trustees prays for an Order reconsidering the Court's initial ruling and approving and authorizing the sale and payment of commission as proposed in the Trustee's Motion for Confirmation of Sale and Application to Pay Broker, subject to the changes expressed herein, namely that the broker's commission be reduced by $10,000.00, and for such other and further relief as the Court deems just and proper.

DATED: February 9, 2018

                                            s/Nicholas C. Brown  
                                            James B. Angell  
                                            State Bar No. 12844  
                                            Nicholas C. Brown  
                                            State Bar No. 38054  
                                            Howard, Stallings, From,  
                                            Atkins, Angell & Davis, P.A.  
                                            P.O. Box 12347  
                                            Raleigh, NC 27605  
                                            Telephone: (919) 821-7700  
                                            Facsimile: (919) 821-7703  
                                            nbrown@hsfh.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO: |
|---|---|
| ASSET TRADER | 16-02794-5-DMW |
| DEBTOR | CHAPTER 7 |

CERTIFICATE OF SERVICE

I, Nicholas C. Brown, of the law firm Howard, Stallings, From, Atkins, Angell & Davis, P.A., certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on February 9, 2017, the EMERGENCY MOTION TO RECONSIDER ORDER DENYING MOTION FOR CONFIRMATION OF SALE AND APPLICATION TO PAY BROKER'S COMMISSION was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filings to the parties listed below. I further certify that I have mailed the documents to the non CM/ECF participants as set out below by first class mail.

I certify under penalty of perjury that the foregoing is true and correct.

DATE: February 9, 2017

        s/Nicholas C. Brown
        Nicholas C. Brown
        P.O. Box 12347
        Raleigh, NC 27605

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>*Served via cm/elf and by email to*<br>Brian_Behr@nceba.uscourts.gov and<br>Rick_Hinson@nceba.uscourts.gov | Asset Trader<br>c/o James B. Angell, Trustee |
| Patricia H. Andrews<br>212 Sonoma Valley Drive<br>Cary, North Carolina 27518 | See attached matrix |

| | | |
|---|---|---|
| Pamela P. Keenan<br>Kirsch Baum, Nanny, Keenan & Griffin, P.A<br>*Served via cm/elf* | Charles M. Ivey, III<br>Ivey, McClellan, Gatton & Sigmund, LLP<br>*Served via cm/elf* | Lori P. March<br>3612 Greenville Loop Rd.<br>Wake Forest, NC 27587 |
| Jill C. Walters<br>Poyner Spruill<br>*Served via cm/ecf* | Paul A. Fanning<br>Ward and Smith, P.A.<br>*Served via cm/ecf* | J. Michael Fields<br>Ward and Smith, P.A.<br>*Served via cm/ecf* |
| Leonard Williams<br>IRS Exempt Organizations Division<br>409 Koger Boulevard, Suite 102<br>Mail Stop 39<br>Greensboro, NC 27407 | Caren D. Enloe<br>Smith Debnam Narron Drake Saintsing & Myers, LLP<br>*Served via cm/ecf* | James M. Hash<br>Everett Gaskins Hancock LLP<br>*Served via cm/ecf* |
| Holmes P. Harden<br>Williams Mullen<br>*Served via cm/ecf* | Barry P. Gruher, Esq.<br>Genovese Joblove & Battista, P.A.<br>*Served via cm/ecf* | J.M. Cook<br>J.M. Cook, P.A.<br>*Served via cm/ecf* |
| Jason A. Miller<br>3321 Trillium Whorl Court, Ste. 100<br>Raleigh, NC 27607 | Jason L. Hendren<br>Hendren and Malone, PLLC<br>*Served via cm/ecf* | Rebecca F. Redwine<br>Hendren and Malone, PLLC<br>*Served via cm/ecf* |
| Constance L. Young<br>Womble Bond Dickinson<br>*Served via cm/ecf* | | |