UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ASSET TRADER,<br><br>    Debtor. | NO. 16-02794-5-DMW<br><br>CHAPTER 7 |
| IN RE: ANTHONY WAYNE MARCH,<br><br>    Debtor. | NO. 16-00522-5-DMW<br><br>CHAPTER 7<br><br>OPPOSITION TO MOTION FOR APPROVAL OF COMPROMISE |

INTRODUCTION

Michael P. Klein, Chapter 7 Trustee for the Bankruptcy Estate of Rolfe Chester Fred Pope (the "Pope Trustee"), respectfully requests the Court deny the Trustees' Motion for Approval of Compromise (Dkt. Nos. 806 and 227, respectively). Neither Mr. Angell (the "Asset Trader Trustee") nor Mr. Bircher (the "March Trustee") has obtained relief from stay in the Pope bankruptcy case to diminish the interest now held by the Pope Trustee. An order approving the compromise would violate the automatic stay imposed by Pope's bankruptcy filing.

The motion should be denied on substantive grounds as well. Pope had filed claims in both the March case and the Asset Trader case. The claim was allowed in the Asset Trader case, Dkt. No. 708,[1] but the Asset Trader Trustee's position is that he can avoid payments to Pope pursuant to Section 548. It is therefore possible under this proposed settlement that the Asset Trader trustee will not distribute the funds Pope is due under the allowance of his claim because of the Asset Trader estate's 548 claim, while at

---

[1] Case No. 16-02794-5-DMW.

OPPOSITION TO MOTION FOR APPROVAL
OF COMPROMISE – 1

the same time the March trustee disallows the claim filed by Pope in the March case because it is duplicative of the claim filed in the Asset Trader case.[2]  Such a result is certainly not in the interest of this creditor, and at a minimum, is inherently unfair given there is no dispute Pope is owed significant sums by March and one of his entities or another.  The motion should be denied in the absence of clarification as to how Pope's claim will be treated.

## I.    PERTINENT FACTS/PROCEDURAL HISTORY

Rolfe Chester Fred Pope filed Claim Number 17-1 on February 17, 2017, in the Anthony March case.  Pope filed Claim Number 13-1 in the Asset Trader case.  The Court allowed Claim Number 13-1 in the Asset Trader case on September 22, 2017, in the Order Overruling Objection to Claim, Dkt. No. 708.

Attached as Exhibit A to this Opposition to Motion is a Declaration of Michael P. Klein in Support of Opposition to Motion for Approval of Compromise dated February 20, 2018 (referred to herein as "Declaration of Michael P. Klein").  Pope filed for Chapter 7 bankruptcy relief on October 3, 2017, in the United States Bankruptcy Court for the Western District of Washington.[3]  Michael P. Klein was appointed Chapter 7 trustee for the Pope bankruptcy estate.[4]  Mr. Angell and Mr. Bircher, in their capacities as Chapter 7 trustees for the March bankruptcy estate and Asset Trader bankruptcy estate, filed their Motion for Approval of Compromise on January 25, 2018.  Neither Mr. Angell nor Mr. Bircher sought relief from the United States Bankruptcy Court for the Western District of Washington prior to filing the Motion for Approval of Compromise, nor has

---

[2] Pope was not amongst those listed as having filed duplicative claims in the March and Asset Trader cases, see Exhibits C and D to the Settlement Agreement).
[3] Declaration of Michael P. Klein, ¶ 2.
[4] Declaration of Michael P. Klein, ¶ 2.

OPPOSITION TO MOTION FOR APPROVAL
OF COMPROMISE – 2

any motion for relief from the automatic stay been filed.[5] The claims against the Asset Trader bankruptcy estate and March bankruptcy estate filed by Pope prior to his bankruptcy filing (and allowed by this Court in the Asset Trader case) are assets of the Pope bankruptcy estate.

## II.     AUTHORITY & ARGUMENT

"The automatic stay enjoins the enforcement of 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.'" *In re Carroll*, 903 F.2d 1266, 1270 (9th Cir. 1990) (citing 11 U.S.C. § 362(a)(3)). Property of the estate includes all interests of the debtor as of the commencement of the bankruptcy case. 11 U.S.C. § 541(a). In the Ninth Circuit, ". . . [a]ctions taken in violation of the automatic stay are void." *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017) (citing *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992)). "This rule applies to judicial proceedings." *Burton*, 862 F.3d at 747 (citing *Gruntz*, 202 F.3d at 1082; *In re Shamblin*, 890 F.2d 123, 125 (9th Cir. 1989)).

The Motion for Approval of Compromise seeks an order from the Court that will, at a minimum, exercise control over property of the Pope bankruptcy estate. The Pope bankruptcy estate has an allowed claim against the Asset Trader bankruptcy estate in the amount of $526,951.16. Dkt. No. 708 at page 11. Under the terms of the compromise proposed by the trustees, holders of allowed unsecured claims, such as the Pope bankruptcy estate, may receive a higher estimated distribution absent the settlement, and may receive a lower distribution if the settlement is approved. Dkt. No. 806, Dkt. No. 227 (Motion for Approval of Compromise) at page 5-6; Exhibit B. Any order entered on the Trustees' motion will constitute a violation of the automatic stay that was imposed by

---

[5] Declaration of Michael P. Klein, ¶ 2.

OPPOSITION TO MOTION FOR APPROVAL
OF COMPROMISE – 3

Pope's bankruptcy filing. The order as applied to Mr. Pope's claim will be void. Accordingly, the Court should deny the Motion for Approval of Compromise until the Trustees obtain relief from stay from the United States Bankruptcy Court for the Western District of Washington. *See also In re Palmdale Hills Prop.*, *LLC*, 654 F.3d 868, 871 (9th Cir. 2011) (the automatic stay imposed by Section 362 bars actions that would diminish the estate of a debtor; thus, if a second debtor wants to equitably subordinate the creditor claims of the first debtor, the second debtor must seek relief from the first debtor's home bankruptcy court).

Secondly, Pope filed claims in both the March case and the Asset Trader case. The claim was allowed in the Asset Trader case, but the Asset Trader Trustee's position is that he can avoid payments to Pope pursuant to Section 548. It is unclear why Pope is not amongst those listed as having filed duplicative claims in the March and Asset Trader cases. It is possible under this proposed settlement that the Asset Trader trustee will not distribute the funds Pope is due under the allowance of his claim because of the Asset Trader estate's 548 claim, while at the same time the March trustee disallows the claim filed by Pope in the March case because it is duplicative of the claim filed in the Asset Trader case.[6] Such a result is inherently unfair given there is no dispute Pope is owed significant sums by March and/or one of his entities or another. Mr. Klein does not envy the position of these two trustees but this end-run attempt around substantive consolidation could result in severely inequitable consequences to a bona fide creditor of at least one of the estates.

---

[6] Pope was not amongst those listed as having filed duplicative claims in the March and Asset Trader cases, see Exhibits C and D to the Settlement Agreement).

OPPOSITION TO MOTION FOR APPROVAL
OF COMPROMISE – 4

### III. CONCLUSION

The Trustees' motion should be denied. They failed to seek relief from stay from the United States Bankruptcy Court for the Western District of Washington prior to filing the Motion for Approval of Compromise. Any order entered by this Court would be void as to the creditor claim in which the Pope bankruptcy estate now has an interest. As equally important, the current posture of the settlement allows for a potential windfall to the March and Asset Trader estates when there is no dispute Pope is owed hundreds of thousands of dollars. The current settlement would allow for the March Trustee to disallow Pope's claim as duplicative and permit the Asset Trader Trustee an opportunity to avoid payments to Pope notwithstanding the acknowledged reality that March operated his entities in one overarching scheme to defraud.

Michael P. Klein, Chapter 7 Trustee for the Bankruptcy Estate of Rolfe Chester Fred Pope, respectfully requests that a hearing be held on the Trustees' Motion for Approval of Compromise.

DATED this 20th day of February, 2018.

/s/ Charles N. Anderson, Jr.
Charles N. Anderson, Jr.
N.C. State Bar No. 13396
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Fax: (919) 865-7010 (fax)
E-mail: chuck.anderson@elliswinters.com
*Attorney for Michael P. Klein, Chapter 7 Trustee for the Bankruptcy Estate of Rolfe Chester Fred Pope*

CERTIFICATE OF SERVICE

I, Charles N. Anderson, Jr. of ELLIS & WINTERS LLP, hereby certify:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age;

That on the 20th day of February, 2018, copies of the foregoing Michael P. Klein, Chapter 7 Trustee for the Bankruptcy Estate of Rolfe Chester Fred Pope's Opposition to Motion for Approval of Compromise was served upon the following parties by the Court's CM/ECF system:

| | |
|---|---|
| Marjorie K. Lynch, Esquire<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601 | John C. Bircher III<br>White & Allen, P.A.<br>P. O. Box U<br>New Bern, NC 28563<br>*Chapter 7 Trustee* |

James B. Angell
Chapter 7 Trustee
Post Office Box 12347
Raleigh, NC 27605
*Chapter 7 Trustee*

and to all other parties receiving notices via the Court's CM/ECF system.

I further certify that a true and correct copy of the foregoing Michael P. Klein, Chapter 7 Trustee for the Bankruptcy Estate of Rolfe Chester Fred Pope's Opposition to Motion for Approval of Compromise was served by overnight, express mail, and by United States First Class Mail on the following:

OPPOSITION TO MOTION FOR APPROVAL
OF COMPROMISE – 6

| | |
|---|---|
| Asset Trader | Anthony Wayne March |
| 300 Southtown Circle | P.O. Box 340380 |
| Rolesville, NC 27571 | #49040 |
| | Columbus, OH 43234-0380 |

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this the 20th day of February, 2018.

                                        ELLIS & WINTERS LLP
                                      <u>/s/ Charles N. Anderson, Jr.</u>
                                      Charles N. Anderson, Jr.
                                      N.C. State Bar No. 13396
                                      P.O. Box 33550
                                      Raleigh, NC 27636
                                      Telephone: (919) 865-7000
                                      Fax: (919) 865-7010 (fax)
                                      E-mail: chuck.anderson@elliswinters.com
                                      *Attorney for Michael P. Klein, Chapter 7*
                                      *Trustee for the Bankruptcy Estate of Rolfe*
                                      *Chester Fred Pope*

# EXHIBIT A

Scott B. Henrie, WSBA #12673
Manish Borde, WSBA #39503
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Attorneys for Michael P. Klein, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ASSET TRADER,<br><br>Debtor. | NO. 16-02794-5-DMW<br><br>CHAPTER 7 |
| IN RE: ANTHONY WAYNE MARCH,<br><br>Debtor. | NO. 16-00522-5-DMW<br><br>CHAPTER 7<br><br>DECLARATION OF MICHAEL P. KLEIN IN SUPPORT OF OPPOSITION TO MOTION FOR APPROVAL OF COMPROMISE |

The undersigned makes the following statement under penalty of perjury:

1. I am over 18 years of age, am competent to testify to the statements herein and make the statements herein based on facts personally known to me.

2. I am the duly appointed trustee in the Chapter 7 bankruptcy case of Rolfe Chester Fred Pope, pending in the United States Bankruptcy Court for the Western District of Washington, Case No. 17-14354-MLB.

3. Rolfe Chester Fred Pope filed for Chapter 7 bankruptcy relief on October 3, 2017 in

DECLARATION OF MICHAEL P. KLEIN IN SUPPORT OF OPPOSITION TO MOTION FOR APPROVAL OF COMPROMISE - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6249776.1

the United States Bankruptcy Court for the Western District of Washington. Neither Mr. Angell nor Mr. Bircher sought relief from the United States Bankruptcy Court for the Western District of Washington prior to filing the Motion for Approval of Compromise, nor has any motion for relief from the automatic stay been filed since the Motion for Approval of Compromise was filed. The claims against the Asset Trader bankruptcy estate and March bankruptcy estate filed by Pope prior to his bankruptcy filing are assets of the Pope bankruptcy estate.

DATED this 20th day of February, 2018.

_____
Michael P. Klein, Chapter 7 Trustee

PLEADING TITLE - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6249776.1