IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-101-H

| | |
|---|---|
| NICHOLAS FIORILLO, APPIAN WAY 54, LLC,<br>    Appellants,<br><br>    v.<br><br>JAMES B. ANGELL, CHAPTER 7 TRUSTEE; BANKRUPTCY ADMINISTRATOR; ATRIA MANAGEMENT SERVICES, INC.; YALE PRODUCTS, INC.; and LIMA YACHT SALES, LLC,<br>    Appellees. | **ORDER** |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Eastern District of North Carolina denying Appellants' Emergency Motion for Modification of the Confirmation of Sale Order and for Extended Closing Date and Request for Emergency Determination, [DE #1]. James B. Angell, the Chapter 7 Trustee ("Trustee") for the debtor, Asset Trader, has moved to dismiss the appeal filed by Nicholas Fiorillo, [DE #29], who has filed a pro se response, [DE #32]. This matter is ripe for adjudication.

## BACKGROUND

Asset Trader, Inc., ("Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 26, 2016.[1]

On August 24, 2016, the Bankruptcy Court entered an Order on Motion for Sale of Property Free and Clear of Liens, ("Sale Order"), which authorized Trustee to sell a 1990 104' DEREKTOR vessel ("Vessel") free and clear of any and all liens and encumbrances, specifically liens held by Atria and Alan Leigh / Yale Marine, Inc. [DE #1-1 at ¶2]. Trustee and Nicholas Fiorillo – Appian Way 54, LLC, ("Fiorillo-Appian Way") entered a Purchase and Sale Agreement, ("the Agreement"), pursuant to which Trustee contracted to sell Vessel to Fiorillo-Appian Way in exchange for a deposit and extension fee. The Agreement allowed for an assignment by Fiorillo-Appian Way to Cake on the Ocean, LLC. Id. at ¶3.

The Agreement provided that if Fiorillo-Appian Way failed to perform by closing under the Agreement on or before January 31, 2017, then the Agreement would terminate without further act of either party. The Agreement further stated that "[i]n no event shall [Fiorillo-Appian Way] be entitled to return of the Deposit or the Extension Fee." Id. at ¶4.

---

[1] This case was converted to a petition for relief under Chapter 7 of the Bankruptcy Code on September 14, 2016,[DE #29].

2

On January 31, 2017, Fiorillo-Appian Way filed an Emergency Motion for Modification of the Confirmation of Sale Order and for Extended Closing Date and Request for Emergency Determination, requesting the Bankruptcy Court to modify terms of the Agreement and extend the closing date. Id. at ¶5; [No. 5:16-BK-2794-DMW DE #479]. On February 1, 2017, Trustee filed a Motion to Supplement Order for Sale of Property Free and Clear of any Interests Pursuant to 11 U.S.C. § 363(f), seeking to amend the Sale Order to provide, among other things, that the sale of Vessel shall be free and clear of any liens, interest and encumbrances claimed by Yale Products, Inc.; and to provide that the sale of Vessel shall be free and clear of any liens, interest and encumbrances claimed by Fiorillo-Appian Way or Cake on the Ocean, LLC, or alternatively finding that Fiorillo-Appian Way and Cake on the Ocean, LLC, have no interest in the Vessel. Id. at ¶6; [No. 5:16-BK-2794-DMW DE #484].

A hearing was held, after notice to the parties involved, on February 6, 2017, at 10:30 a.m. in the Bankruptcy Courtroom, at 300 Fayetteville Street, Third Floor Courtroom, Raleigh, North Carolina. Present at the hearing were James B. Angell, attorney for the Trustee; Jill Walters, attorney for Atria; and Brian Behr, Attorney for the Bankruptcy Administrator. [DE #1-1 at 1]. No one appeared at the hearing for Nicholas Fiorillo, Appian Way 54, LLC, or Cake on the Ocean, LLC. No one appeared at the hearing for Yale Products, Inc. Id.

3

United States Bankruptcy Judge David M. Warren entered an order on February 9, 2017, denying Fiorillo-Appian Way's Motion for Modification of the Confirmation of Sale Order and for Extended Closing Date and Request for Emergency Determination and disposing of Trustee's Motion to Supplement Order for Sale of Property Free and Clear of any Interests Pursuant to 11 U.S.C. § 363(f), [DE #1-1]. The Bankruptcy Court found the Emergency Motion for Modification of the Confirmation of Sale Order and for Extended Closing Date and Request for Emergency Determination should be denied for the movants' failure to appear and prosecute the motion after proper notice of the hearing. Id. at ¶7. The Bankruptcy Court found the motion should further be denied as to Cake on the Ocean, LLC, due to its failure to join in the motion when it was filed. Id.

The Bankruptcy Court also found that Appian Way 54, LLC, filed a pro se bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island on February 6, 2017, the date of the hearing. The Bankruptcy Court further found that Fiorillo-Appian Way failed to close the sale of the Vessel by the Closing Date. As a result of Fiorillo-Appian Way's failure to perform, the Bankruptcy Court found the Agreement terminated at midnight on January 31, 2017, and Fiorillo-Appian Way had no right, title or interest, legal or equitable, in Vessel or any proceeds thereof. As a result of the termination of the Agreement, Appian Way 54,

LLC, had no interest in Vessel which qualified as property of its bankruptcy estate under 11 U.S.C. § 541. Id. at ¶10.

The Bankruptcy Court further found, as a result of the termination of the Agreement, the Trustee should be entitled to sell Vessel as he deemed appropriate in his business judgment, subject to any objections and further orders of the Bankruptcy Court as may be required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or the local rules applicable in this district. Id. at ¶11. Thus, the Bankruptcy Court found Trustee was relieved of any obligation to perform under the Purchase and Sale Agreement or to sell Vessel to Nicholas Fiorillo; Appian Way 54, LLC; Cake on the Ocean, LLC, and/or any assignee/nominee nunc pro tunc to February 1, 2017. Id. at 3. The Bankruptcy Court held as of February 1, 2017, Nicholas Fiorillo; Appian Way 54, LLC; Cake on the Ocean, LLC, and any assignee/nominee did not have any legal, beneficial or equitable right, title or interest in the Vessel, or any proceeds thereof. Further, to the extent that Nicholas Fiorillo; Appian Way 54, LLC; Cake on the Ocean, LLC, and/or any assignee/nominee claims any legal or equitable right, title or interest in the Vessel, the Bankruptcy Court found the Trustee may sell Vessel free and clear of any such right, title, or interest, pursuant to 11 U.S.C. § 363(f).

Fiorillo filed a Notice of Appeal, [DED #1], on February 23, 2017, as found timely by this court in its order entered August

5

14, 2017. [DE #25]. The bankruptcy clerk issued a notice regarding Fed. R. Bankr. P. 8009 compliance, stating "the appellant must file with the court, a designation of the items to be included in the record on appeal, and a state of issues to be presented." [No. 5:16-BK-2794-DMW DE #518]. The Clerk of Court for the Eastern District of North Carolina entered a Notice of Docketing and Briefing Deadline on February 24, 2017, [DE #2]. This Notice required counsel for all parties to file a notice of appearance and all parties to file a financial disclosure statement. Id. The Notice also provided upon filing of the record on appeal, the clerk would direct parties to file briefs in accordance with Federal, Rule of Bankruptcy Procedure 8018. Id. Fiorillo proceeded pro se and did not file a financial disclosure statement or record on appeal with issues presented.

Trustee filed a motion to dismiss on February 27, 2017, on the grounds the notice of appeal was not timely filed [DE #5]. Fiorillo caused to be filed an Affidavit and Cross-Motion to Correct the Docket, explaining the timeliness issue, [DE #15], and a response to the motion to dismiss his appeal, [DE #16, DE #17]. Trustee replied to the response, [DE #19]. In Trustee's reply, Trustee raised new arguments including the contention that Fiorillo failed to comply with Federal Rule of Bankruptcy 8009, and thus Fiorillo's appeal should be dismissed, [DE #19].

Appian Way 54, LLC, by and through counsel, Leon Davis, filed a Notice of Cross-Appeal on March 9, 2017, [DE #9]. The bankruptcy clerk again issued a notice, regarding Fed. R. Bankr. P. 8009 compliance, stating "the appellant must file with the court, a designation of the items to be included in the record on appeal, and a state of issues to be presented." [No. 16-2795-5-DMW DE #532]. The Civil Deputy Clerk in the Eastern District of North Carolina issued a Notice to Counsel, regarding filing a notice of appearance under Local Civil Rule 83.1, [DE #10]. Counsel for Appian Way 54, LLC, has never filed a notice of appearance.[2] Trustee moved to dismiss the cross-appeal on March 9, 2017, also on grounds of failure to timely file, [DE #11]. Appian Way 54, LLC, filed a response to the motion to dismiss and cross-motion for order to correct the docket, arguing timeliness of Fiorillo's Notice of Appeal, [DE #18]. Trustee filed a reply to the response, arguing Appian Way 54, LLC's cross-appeal was untimely, and also failed to comply with Federal Rule of Bankruptcy Procedure 8009, [DE #21].

Both of Trustee's motions to dismiss were denied without prejudice in the order finding the notice of appeal timely, and Trustee was granted 21 days to refile a motion to dismiss if desired. [DE #25]. Trustee moved to dismiss the appeal again on

---

[2] It appears Mr. Davis is a member of the bar of the Eastern District of North Carolina.

7

September 1, 2017, [DE #29], and Fiorillo responded on September 18, 2017, [DE #32]. No reply was filed, and the deadline for a reply has expired.

Trustee moves to dismiss on the basis that Fiorillo failed to comply with Part VIII of the Federal Bankruptcy Rules, including but not limited to Fed. R. Bankr. P. 8009(a)(1)(A), (B)(i), under Fed. R. Bankr. P. 8003(a)(2) under <u>Colley v. Consolidated Freightways Corp. (In re Creditors Serv. Corp.)</u>, No. 97-3492 1998 WL 242341, *2 (6th Cir. May 8, 1998). Further, Trustee argues Fiorillo has no standing to appeal as Fiorillo waived the right to appeal by failing to appear at the hearing before the Bankruptcy Judge.

## COURT'S DISCUSSION

### I. Standard of Review

A district court has jurisdiction to hear appeals from a final order issued by a bankruptcy court. See 28 U.S.C. § 158(a)(1).

"The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

8

Upon review of a motion to dismiss an appeal for failure to comply with Fed. R. Bankr. P. 8009 under Fed. R. Bankr. P. 8003(a)(2), the court must consider and balance the following four factors:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re SRP Corp., 45 F.3d 70, 72 -74 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)) (finding the four "steps" of In re Serra Builders, should be considered as four factors in a balancing test.) Dismissal is a "harsh sanction which the district court must not impose lightly," and a court's failure to conduct the balancing test of the four factors is an abuse of discretion. In re Ryan, 350 B.R. 632, 635 (D.S.C. 2006)(finding dismissal of appeal appropriate for failure to prosecute).

Negligence has been found by other courts to include failure of an appellant to request a transcript; pay for a transcript; or file a transcript after being given notice. Rahmi v. Trumble, No. 3:14-CV-18, 2014 WL 1878764, at *2 (N.D.W.Va. May 12, 2014). See also In re Cabrera, No. 3:07-CV-430, 2007 WL 4380275, at *2 (W.D.N.C. Dec. 11, 2007) (finding negligence where appellant failed to file a transcript).

Prejudicial effect on the other parties includes "bankruptcy appellant's excessive delay" hindering bankruptcy trustee's "disposition of estate assets." Brandeen v. Liebmann, No. RDB-16-2945, 2017 WL 1398266, slip op. at *2 (D.Md. April 19, 2017); see also Slavinsky v. Educ. Credit Mgt. Corp., 362 B.R. 677, 678-79 (D.Md. 2007) (finding prejudice to the appellee resulting from delay causing additional legal expenses and uncertainty in operations and dismissing appeal for failure to timely designate record on appeal).

## II. Analysis

Trustee contends the failure of Fiorillo to file the designation of the record on appeal results in noncompliance sufficient to support a dismissal under Fed. R. Bankr. P. 8003(a)(2). Fiorillo responds Fed. R. Bankr. P. 8003(a)(2) does not mandate dismissal of the appeal based on his failure to comply with Fed. Bankr. R. P. 8009(a)(1)(A) because there was no "bad faith, negligence, or indifference." In re Tucker, 665 F.App'x 841, 844 (11th Cir. 2016) (quoting Brake v. Tavormina (In re Beverly Mfg. Corp.), 778 F.2d 666, 667 (11th Cir. 1985).

While Fiorillo argues "[i]t would be draconian and premature to dismiss this appeal," he does "pra[y] that this Court deny [the second] motion to dismiss in this matter, and enter an order directing [Fiorillo] to retain counsel, or otherwise 'take other steps' such as filing the requisite docketing statement and

statement of issues within a limited period of time as determined by this Court." Id. at 3. This court notes Fiorillo's acknowledgement of failure to comply with Fed. R. Bankr. P. 8009, and also notes since the filing of Fiorillo's memorandum of opposition on September 18, 2017, there have been no further filings by Fiorillo, either of a notice of appearance by counsel, or of Rule 8009(a)(1)(A) compliance. Extensive notice has been provided to Fiorillo. [See DE #2 Notice of Docketing and Briefing Deadline; [No. 5:16-BK-2794-DMW DE #518 Rule 8009 Appeal Memorandum] DE #19 Reply to Response in Opposition and DE #20 Memorandum in Support of Reply; DE #25 Order denying Motion to Dismiss; DE #29 Motion to Dismiss]. Timeliness is not the only issue with regard to Fiorillo's negligence, as he has never complied with filing requirements. In light of notice provided to Fiorillo and failure to comply as evidenced by the procedural history of this case, the court finds Fiorillo has been negligent.

Trustee has also been prejudiced by Fiorillo's failure to comply, causing undue delay of his "disposition of the estate assets." Brandeen v. Liebmann, No. RDB-16-2945, slip op. at 2 (D.Md. April 19, 2017). Finally, the court notes while dismissal is a "harsh sanction," In re Ryan, 350 B.R. 632, 635 (D.S.C. 2006), the court denied Trustee's motions to dismiss in August of 2017, and Fiorillo still has not complied with Fed. R. Bankr. P. 8009(a)(1)(A). Having carefully balanced the four factors of In

re SRP Corp., this court finds dismissal of the appeal is warranted under Fed. R. Bankr. P. 8003(a)(2).

Therefore, for the foregoing reasons, Trustee's motion to dismiss, [DE #29], is hereby GRANTED.[3]

## CONCLUSION

For the foregoing reasons, Trustee's motion to dismiss, [DE #29], is hereby GRANTED. Fiorillo's appeal, [DE #1] is hereby DISMISSED.

This 27th day of February 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

---

[3] In consideration of this court's dismissal of appellant's appeal, whether waiver occurred will not be considered.