IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-101-H

| | | |
|---|---|---|
| NICHOLAS FIORILLO, APPIAN WAY 54, LLC, | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE; BANKRUPTCY ADMINISTRATOR; ATRIA MANAGEMENT SERVICES, INC.; YALE PRODUCTS, INC.; and LIMA YACHT SALES, LLC, | ) | |
| Appellees. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter is before the court on Appian Way 54, LLC's Notice of Cross-Appeal, filed March 9, 2017, from an order of the United States Bankruptcy Court for the Eastern District of North Carolina denying Appellants' Emergency Motion for Modification of the Confirmation of Sale Order and for Extended Closing Date and Request for Emergency Determination, [DE #9]. The bankruptcy clerk issued a notice, regarding Fed. R. Bankr. P. 8009 compliance, stating "the appellant must file with the court, a designation of the items to be included in the record on appeal, and a state of issues to be presented." [No. 5:16-BK-2794-DMW DE #532]. The

Civil Deputy Clerk in the Eastern District of North Carolina issued a Notice to Counsel, regarding filing a notice of appearance under Local Civil Rule 83.1, [DE #10]. Counsel for Appian Way 54, LLC, has never filed a notice of appearance. Also on March 9, 2017, James B. Angell, the Chapter 7 Trustee ("Trustee") for the debtor, Asset Trader, moved to dismiss the cross-appeal on grounds of failure to timely file, [DE #11]. Appian Way 54, LLC, filed a response to the motion to dismiss and cross-motion for order to correct the docket, arguing timeliness of Appellant Fiorillo's Notice of Appeal, [DE #18].[1] Trustee filed a reply to the response, arguing Appian Way 54, LLC's cross-appeal was untimely, and also failed to comply with Federal Rule of Bankruptcy Procedure 8009, [DE #21]. Trustee's motion to dismiss was denied without prejudice by this court on August 14, 2017, [DE #25].

## BACKGROUND

On February 6, 2017, the same day as the hearing from which the order on appeal derived, Appian Way 54, LLC, filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island. [Case No. 1:17-BK-10195 DE #1]. On February 10, 2017, Appian Way 54, LLC filed a motion for emergency determination of violation of automatic stay under 11 U.S.C. § 362. [Case No. 1:17-BK-10195, DE

---

[1] The court notes this court's order, [DE #25], construes the filing date of the notice of appeal as February 23, 2017.

#13].  On February 24, 2017, the Bankruptcy Court of the District of Rhode Island dismissed Appian Way 54, LLC's case for "failure to file missing documents."  [Case No. 1:17-BK-10195, DE #27].  On March 15, 2017, Appian Way 54, LLC's motion for emergency determination of violation of automatic stay under 11 U.S.C. § 362 was terminated as moot, the same day of the Notice of Dismissal. [Case No. 1:17-BK-10195 DE #29].

### COURT'S DISCUSSION

Automatic stay of certain proceedings is required upon debtor's filing of a petition for Chapter 11 bankruptcy.  See 11 U.S.C. § 362.  "The plain language of [11 U.S.C. § 362] stays appellate proceedings in actions originally brought against the debtor, even when it is the debtor who files the appeal."  In re Byrd, 357 F.3d 433, 439 (4th Cir. 2004).  As the bankruptcy proceedings have concluded, the automatic stay provisions no longer apply.  [Case No. 1:17-BK-10195].  A district court has jurisdiction to hear appeals from a final order issued by a bankruptcy court.  See 28 U.S.C. § 158(a)(1).

"The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  Fed. R. Bankr. P. 8009 (a)(1)(A).  Under Fed. R. Bankr. P. 8009(a)(2), a cross-appellant is also required to file a designation of the record on appeal.  Fed. R. Bankr. P. 8009(a)(2).

"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

Before dismissing an appeal for failure to comply with Fed. R. Bankr. P. 8009 under Fed. R. Bankr. P. 8003(a)(2), the court must consider and balance the following four factors:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

In re SRP Corp., 45 F.3d 70, 72 -74 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)) (finding the four "steps" of In re Serra Builders, should be considered as four factors in a balancing test). Dismissal is a "harsh sanction which the district court must not impose lightly," and a court's failure to conduct the balancing test of the four factors is an abuse of discretion.   In re Ryan, 350 B.R. 632, 635 (D.S.C. 2006)(finding dismissal of appeal appropriate for failure to prosecute). Dismissal for failure to comply with Rule 8009 may be sua sponte as long as the court considers the four factors.   See Barake v. Hill, 124 F.App'x 758, *759 (4th Cir. 2005) (finding district court had discretion to dismiss appeal for failure to

comply with Rule 8009 but without consideration and balancing of four factors, dismissal was an abuse of discretion).

Negligence has been found by other courts to include failure of an appellant to request a transcript; pay for a transcript; or file a transcript after being given notice. Rahmi v. Trumble, No. 3:14-CV-18, 2014 WL 1878764, at *2 (N.D.W.Va. May 12, 2014). See also In re Cabrera, No. 3:07-CV-430, 2007 WL 4380275, at *2 (W.D.N.C. Dec. 11, 2007) (finding negligence where appellant failed to file a transcript).

Prejudicial effect on the other parties includes "bankruptcy appellant's excessive delay" hindering bankruptcy trustee's "disposition of estate assets." Brandeen v. Liebmann, No. RDB-16-2945, 2017 WL 1398266, slip op. at *2 (D.Md. April 19, 2017); see also Slavinsky v. Educ. Credit Mgt. Corp., 362 B.R. 677, 678-79 (D.Md. 2007) (finding prejudice to the appellee resulting from delay causing additional legal expenses and uncertainty in operations and dismissing appeal for failure to timely designate record on appeal).

In the instant matter, as to the first factor, Appian Way 54, LLC, by and through counsel, failed to designate the record on appeal, including filing a transcript and a statement of issues presented; failed to file a notice of appearance; and failed to file a financial disclosure statement after notice was given to counsel from February 24, 2017 until August 14, 2017. [See DE #2

Notice of Docketing and Briefing Deadline; [No. 16-2794-5-DMW DE #532 Rule 8009 Appeal Memorandum] DE #10 Notice to Counsel; DE #11 Motion to Dismiss Cross-Appeal and DE #12 Memorandum in Support of Motion to Dismiss Cross-Appeal; DE #25 Order denying Motion to Dismiss]. Counsel for Appian Way, 54, LLC has never complied with Fed. R. Bank. P. 8009(a)(2). The court finds this lack of filing, which is not only untimely but wholly absent, constitutes negligence.

As to the second factor, Appian Way 54, LLC was given notice repeatedly as follows: by the bankruptcy clerk of the need to comply with Rule 8009 upon filing a cross-appeal, [No. 5:16-BK-2794-DMW DE #532]; by the Clerk of Court of the Eastern District of North Carolina and by the civil clerk of this court of the need to file a notice of appearance, [DE #2 and #10]; by the Clerk of Court of the need to file a financial disclosure statement [DE #2]. Appian Way, 54, LLC was also on notice of failure to comply with the requirements of Fed. R. Bankr. P. 8009 by the filing of Trustee, [DE #11 and #12], and by order of this court noting the newly raised argument of Trustee, [DE #25]. Thus, Appian Way 54, LLC has received ample notice of the need to comply with Fed. R. Bankr. P. 8009 by designating the record on appeal.

As to the third factor, Trustee has been prejudiced by Appian Way 54, LLC's failure to comply, causing undue delay of his

"disposition of the estate assets." <u>Brandeen v. Liebmann</u>, No. RDB-16-2945, slip op. at 2 (D.Md. April 19, 2017).

Finally, as to the fourth factor, the court denied Trustee's motions to dismiss in August of 2017, and Appian Way 54, LLC, still has not complied with Fed. R. Bankr. P. 8009(a)(1)(A). <u>See Rahmi v. Trumble</u>, Civil Action No. 3:14-CV-18, 2014 WL 1878764, at *3 (N.D.W.Va. May 12, 2014) (finding extension of time would not result in appellant's compliance).

While dismissal is a harsh remedy, the court has considered the four factors and finds dismissal to be appropriate in light of cross-appellant's failure to prosecute the appeal. Therefore, under Fed. R. Bankr. P. 8003(a)(2), for failure to designate the record on appeal in compliance with Fed. R. Bankr. P. 8009(a)(2), Appian Way 54, LLC's cross-appeal, [DE #9], is hereby DISMISSED.

### CONCLUSION

For the foregoing reasons, Appian Way 54, LLC's cross-appeal, [DE #9], is hereby DISMISSED.  The clerk is directed to close this case.

This  27ᵀᴴ day of February 2018.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35